# In the United States Court of Federal Claims

RAVEL FERRERA PARRA,

   Plaintiff,

   v.

THE UNITED STATES,

   Defendant.

No. 25-cv-431

Filed: June 27, 2025

## MEMORANDUM & ORDER

Plaintiff Ravel Ferrera Parra, proceeding *pro se*, brings this action for damages arising from a civil lawsuit he had filed against his former employer, United Airlines, in the United States District Court for the Southern District of Texas. ECF No. 14 (Am. Compl.) ¶¶ 1–3, 14–17; ECF No. 14-1 (Exhibits) at 100. Plaintiff alleges that during and after the pendency of that lawsuit, a United States Magistrate Judge, her case manager, opposing counsel, the United States Marshals Service, and the United States Court of Appeals for the Fifth Circuit engaged in widespread misconduct causing Plaintiff financial harm. *See generally* Am. Compl. According to Plaintiff, this financial harm is actionable in this Court because it constitutes an illegal exaction and a taking under the Fifth Amendment. *Id.* ¶¶ 9, 14–17. Pending before this Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 22 (Mot.). It is well established that this Court must examine the "true nature" of a plaintiff's claims to determine whether jurisdiction exists. *Boeing Co. v. United States*, 119 F.4th 17, 23 (Fed. Cir. 2024) (quoting *Katz v. Cisneros*, 16 F.3d 1204, 1207 (Fed. Cir. 1994)). Plaintiff cannot invoke this Court's jurisdiction simply by using magic words such as "illegal exaction" or "taking." *Katz*, 16 F.3d at 1207 ("Regardless of the characterization of the case ascribed by [the plaintiff], we look to the true nature of the action in

determining the existence or not of jurisdiction.").  Here, Plaintiff's taking and illegal exaction claims are, in substance, claims for detrimental reliance, torts, criminal violations, or violations of the Due Process Clause of the Fifth Amendment—all claims over which this Court lacks jurisdiction.  Accordingly, the Court must grant Defendant's Motion to Dismiss.

## PROCEDURAL BACKGROUND

Plaintiff, Ravel Ferrera Parra, proceeding *pro se*, filed his Complaint on March 4, 2025.  ECF No. 1.  Later that same day, Plaintiff attempted to file an Amended Complaint, which the Clerk of Court flagged as deficient seven days later and which this Court granted Plaintiff leave to file on March 12, 2025.  ECF No. 14 (Am. Compl.); ECF No. 13 (granting leave to file Amended Complaint).  Plaintiff's Amended Complaint includes over 400 pages of exhibits.  ECF No. 14-1 (Exhibits).

Since initiating this action, Plaintiff has filed numerous procedural motions, which include:

- Motion for Protective Order to Preserve Evidence.  ECF No. 3.
- Motion for Assignment of Pro Bono Counsel.  ECF No. 4 (Motion for Pro Bono Counsel).
- Motion for Production of Administrative Records.  ECF No. 5
- Motion to Invoke Doctrine of Completeness.  ECF No. 6.
- Motion for Public Media Access to Court Proceedings.  ECF No. 7.
- Request for Judicial Notice.  ECF No. 8.
- Motion to Expand Jurisdiction as a Necessity.  ECF No. 12 (Mot. to Expand).
- Motion for Procedural Clarification and Fair Treatment of Filings.  ECF No. 15.
- Motion to Preserve Jurisdictional Integrity and Provide Notice of Coordinated Parallel Proceedings.  ECF No. 20.

This Court stayed these motions pending resolution of Defendant's Motion to Dismiss.  ECF No. 23.  Plaintiff also filed an Application to Proceed *In Forma Pauperis*.  (ECF No. 2) (IFP Application).  On April 22, 2025, Defendant moved to dismiss Plaintiff's Amended Complaint under Rule 12(b)(1), or alternatively under Rule 12(b)(6).  ECF No. 22 (Mot.).  Despite having 28

days to do so, Plaintiff filed his Response to the Motion to Dismiss only a few hours later.[1]  ECF No. 24 (Resp.).  On April 29, 2025, Defendant filed its Reply in support of its Motion to Dismiss.  ECF No. 25 (Reply).  That same day, Plaintiff filed a Motion for Leave to file a Sur-Reply, attaching his proposed Sur-Reply.  ECF No. 28 (Sur-Reply).

## FACTUAL BACKGROUND

Plaintiff's allegations stem from a case he previously filed in the United States District Court for the Southern District of Texas against his former employer, United Airlines (United), under the Americans with Disabilities Act (ADA) (the District Court Action).  Am. Compl. ¶¶ 5–13; Exhibits at 100; Resp. at 2;[2] *see also Ferrera-Parra v. United Airlines, Inc.*, No. 19-1053, 2021 WL 1795702 (S.D. Tex. Mar. 30, 2021), *appeal dismissed*, No. 21-20242, 2021 WL 5238792 (5th Cir. July 12, 2021).  Plaintiff alleges misconduct by United States Magistrate Judge Dena Hanovice Palermo, Judge Palermo's case manager, opposing counsel, the United States Marshals Service (Marshals), and the Fifth Circuit during and following the pendency of his District Court action.  Am. Compl. ¶¶ 5–13; Resp. at 2.

Specifically, Plaintiff contends that during mediation, Judge Palermo allegedly ordered United to settle the District Court Action for $150,000, thus purportedly "fraudulently induc[ing] reliance" by Plaintiff as he believed that a "binding resolution had been reached."  Am. Compl. ¶ 5; Exhibits at 36, 228, 325.  Plaintiff also contends that Judge Palermo "lack[ed] the authority to

---

[1] The next day, Plaintiff filed a Response to this Court's Order staying briefing on Plaintiff's many procedural motions.  ECF No. 27 (Resp. to Stay Order).  Plaintiff sought to lift the stay as to ECF No. 12, Plaintiff's Motion to Expand Jurisdiction as a Necessity, because, he argued, the Motion to Expand is relevant to rebut Defendant's Motion to Dismiss.  *Id.*  Accordingly, though not a proper motion, the Court nevertheless considers Plaintiff's Motion to Expand.

[2] Citations throughout this Memorandum and Order reference the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

unilaterally dictate settlement terms without an agreed-upon contract between the parties" and that she improperly failed to enforce this improper settlement directive when opposing counsel purportedly reduced its settlement offer to Plaintiff from $150,000 to $10,000. *Id.* ¶¶ 5–6. Based on this alleged "settlement directive" by Judge Palermo, which Plaintiff asserts she failed to enforce, Plaintiff claims that he suffered a "loss of expected funds." *Id.* ¶¶ 5–6, 9. Specifically, Plaintiff claims that he lost a $150,000 settlement that he had expected to receive from United. *Id.*; *see also* Resp. at 2–3 (explaining that Plaintiff is alleging the taking of "the judicially induced expectation of a $150,000 settlement directive"); Sur-Reply at 7 (noting that Plaintiff's claims are premised on "a Fifth Amendment taking of judicially induced litigation asset (the $150,000 directive)"). Plaintiff's Amended Complaint includes only two counts: one alleging an illegal exaction, and another alleging a taking. Am. Compl. ¶¶ 14–17. However, throughout his Amended Complaint Plaintiff also seems to scatter allegations of a violation of the Due Process Clause, breach of contract, and contractual fraud. *Id.* at 1–2, ¶¶ 1, 4–5, 7, 9.

Beyond Plaintiff's claims that stem from his apparent reliance on this settlement directive, Plaintiff also makes passing references to general assertions of misconduct by Judge Palermo and her staff. *Id.* at 2 (Statement of the Claim). This includes allegations of a forged subpoena and a general allegation of "[r]etaliatory actions by Judge Palermo and her case manager." *Id.* These claims appear to stem from inappropriate communications that Plaintiff sent to Judge Palermo's case manager. Exhibits at 94–95 (responding to court order with inappropriate email to Judge Palermo's case manager); *id.* at 100 (Order in District Court Action noting that Plaintiff was sending "inappropriate and unacceptable" communications to Judge Palermo's case manager); *see also Ferrera-Parra*, 2021 WL 1795702, at *1 (describing contents of inappropriate messages from Plaintiff). Plaintiff seeks $150,000 for the "contractual breach," $100,000 for "emotional distress

caused by judicial bias," and $100,000 from the Southern District of Texas for "judicial misconduct." Am. Compl. at 6.

Additionally, Plaintiff's Amended Complaint alleges misconduct by the United States Marshals Service (Marshals). *Id.* ¶¶ 10–13. Plaintiff claims that the Marshals prevented him from entering a courthouse, "labeled Plaintiff a security threat without due process," and withheld "surveillance footage and security reports" in violation of Plaintiff's FOIA rights. *Id.* ¶¶ 10–11. Plaintiff contends that the Marshals "obstructed Plaintiff's access to critical court proceedings" and records. *Id.* ¶¶ 15, 17. These actions, Plaintiff contends, caused Plaintiff to suffer financial harms constituting an illegal exaction and a taking in violation of the Takings Clause of the Fifth Amendment. *Id.* Plaintiff seeks $100,000 in damages for this "procedural misconduct." *Id.* at 6.

Finally, Plaintiff alleges that the Fifth Circuit breached its "duty to ensure impartial oversight" by failing to adequately consider the judicial misconduct claim brought by Plaintiff against Judge Palermo and engaging in other "[p]rocedural tampering" that obstructed Plaintiff's access to fair appellate review. *Id.* ¶¶ 12–13. Plaintiff's Exhibits show that he filed a judicial misconduct claim against Judge Palermo on September 30, 2024, which was later dismissed. *See* Exhibits at 34–39 (attaching judicial misconduct complaint against Judge Palermo filed in the Fifth Circuit), 204 (correspondence acknowledging filing of complaint), 208–12 (Fifth Circuit Order dismissing judicial misconduct complaint); *see also id.* at 204–06, 214–23 (correspondence regarding misconduct complaints). Plaintiff alleges that this suppression caused him financial harm, constituting an illegal exaction. Am. Compl. ¶ 15. Plaintiff seeks $100,000 for the "suppression of misconduct complaints." *Id.* at 6.

## APPLICABLE LEGAL STANDARDS

It is well established that this Court is not a forum for all federal claims; it is one of limited jurisdiction. *See Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014). Generally,

the Tucker Act defines this Court's jurisdiction. *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act vests this Court with jurisdiction over any suit against the United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). There are three types of monetary claims that fall within the Court's Tucker Act jurisdiction: (1) claims "pursuant to contracts with the United States," (2) claims "to recover illegal exactions of money by the United States," and (3) claims "brought pursuant to money-mandating constitutional provisions, statutes, regulations, or executive orders." *Martinez v. United States*, 333 F.3d 1295, 1302–03 (Fed. Cir. 2003) (en banc). The Tucker Act does not create any enforceable right against the United States on its own nor does it grant jurisdiction for "every claim invoking the Constitution, a federal statute, or a regulation." *Me. Cmty. Health Options v. United States*, 590 U.S. 296, 322 (2020) (quoting *United States v. Mitchell*, 463 U.S. 206, 216 (1983)). Instead, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).

This Court must dismiss claims outside its subject matter jurisdiction. Rules 12(b)(1), 12(h)(3); *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019) ("It is well settled that limitations on subject-matter jurisdiction are not waivable. . . ."); *see also Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) (citing Rule 12(h)(3)) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim."). When deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, this Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the

light most favorable to the plaintiff." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

The Court liberally construes complaints filed by *pro se* plaintiffs because *pro se* filings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Although held to a less stringent standard for procedural deficiencies, *pro se* plaintiffs must still prove by a preponderance of the evidence that this Court has subject matter jurisdiction. *Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, *pro se* or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements." (italics added)). "The lenient pleading standards afforded to a *pro se* plaintiff are not so lenient that they may forgive the failure to state a claim that falls within the [C]ourt's jurisdiction, however." *Colbert*, 617 F. App'x at 983 (italics added) (citing *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995)).

## DISCUSSION

I.    **The Court Must Dismiss Plaintiff's Amended Complaint.**

After a thorough review of the substance of Plaintiff's claims, it is evident that this Court lacks jurisdiction over this action. As noted, Plaintiff alleges widespread misconduct by Judge Palermo and her case manager, the Marshals, and the United States Court of Appeals for the Fifth Circuit. Am. Compl. ¶¶ 5–17. Plaintiff contends that this misconduct amounts to fraud, a violation of the Due Process Clause, a taking under the Fifth Amendment, breach of contract, and an illegal exaction by the United States Government.[3] *See generally id.* In examining the true nature of the

---

[3] Plaintiff alleges that both the alleged illegal exaction and taking occurred through the United States through its officers. Am. Compl. ¶¶ 14, 16. The Court does not understand Plaintiff to allege his claims against Judge Palermo, her case manager, the Fifth Circuit, or the Marshals in any individual officer's capacity. Rather, the Court understands this suit to be proceeding against

action, it is clear that this Court lacks jurisdiction and accordingly, for the reasons stated below, the Court grants Defendant's Motion to Dismiss under Rules 12(b)(1) and 12(h)(3), or, alternatively under Rule 12(b)(6). *Pines Residential Treatment Ctr., Inc. v. United States*, 444 F.3d 1379, 1380 (Fed. Cir. 2006) (quoting *Katz*, 16 F.3d at 1207) (directing courts to "look to the true nature of the action in determining the existence or not of jurisdiction").

## A.    This Court Lacks Jurisdiction Over Plaintiff's Claims Arising Out of Actions by Judge Palermo.

Plaintiff brings numerous claims arising out of actions by Judge Palermo. Plaintiff's claims principally stem from Plaintiff's apparent reliance on a statement purportedly made by Judge Palermo during mediation directing United to pay $150,000 to Plaintiff to settle his claim against United. Am. Compl. ¶ 5; Exhibits at 36, 228, 325. Plaintiff seeks to make his detrimental reliance on Judge Palermo's alleged statements actionable in this Court by recasting them as an illegal exaction and a taking. Am. Compl. ¶¶ 14–17. However, as explained below, Plaintiff's claims are simply claims for alleged tortious activities and detrimental reliance—over which this Court lacks jurisdiction.

### 1.    This Court Cannot Hear Claims of Judicial Misconduct.

Plaintiff repeatedly alleges judicial misconduct by Judge Palermo. *See, e.g.*, *id.* ¶ 1 ("Plaintiff . . . brings this action . . . alleging judicial misconduct causing financial harm, procedural

---

the United States alone. To the extent this action is brought against any officer of the United States alone, the Court dismisses those claims as it lacks jurisdiction over claims against private parties and federal officials. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."). Further, despite referencing alleged misconduct by opposing counsel in his District Court Action, Plaintiff's Introduction and Request for Relief indicate that he does not seek any damages related to opposing counsel's actions in the District Court Action. Am. Compl. at 6, ¶¶ 2, 6. Nor could he, as this Court lacks jurisdiction over claims against private parties. *Sherwood*, 312 U.S. at 588.

obstruction, and deprivation of due process."); *id.* ¶ 5 ("Judge . . . Palermo engaged in contractual fraud by coercing a settlement directive."); *id.* ¶ 7 ("[Judge] Palermo's improper intervention constituted a fraudulent misrepresentation that caused financial harm."), *id.* ¶ 9 ("Due Process Violation: Judicial misconduct obstructed Plaintiff's access to impartial adjudication.").[4]  This Court, however, lacks jurisdiction to hear Plaintiff's claims alleging judicial misconduct.  *Id.* ¶¶ 1, 5–9; *Aljindi v. United States*, No. 22-1117, 2022 WL 1464476, at *3 (Fed. Cir. May 10, 2022) (noting that this Court cannot hear claims regarding misconduct of judges from other federal courts).  Indeed, to hear Plaintiff's claims of judicial misconduct would require the Court to

---

[4] Plaintiff generally alleges fraud, misrepresentation, and forgery by Judge Palermo.  *See* Am. Compl. at 1–2, ¶¶ 5–9.  Claims such as fraud, misrepresentation, and forgery, however sound in tort or are criminal violations.  This Court lacks jurisdiction over claims that sound in tort or allege violations of criminal law.  28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction . . . in cases *not sounding in tort*." (emphasis added)); *Brown*, 105 F.3d at 623 (holding that the Court of Federal Claims lacks jurisdiction over tort claims); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code."); *Jones v. United States*, 440 F. App'x 916, 918 (2011) (noting that this Court "has no jurisdiction over criminal matters generally").  Accordingly, this Court lacks jurisdiction over Plaintiff's claims in this action that allege a crime or sound in tort.  *Brown*, 105 F.3d at 623 (recognizing that this Court lacks jurisdiction over claims "grounded upon fraud, which is a tort"); *L'Enfant Plaza Props., Inc. v. United States*, 645 F.2d 886, 892 (Ct. Cl. 1981) (explaining that claims of "fraud, misrepresentation, and constructive fraud" sound in tort); *Lea v. United States*, 592 F. App'x 930, 933 (Fed. Cir. 2014) ("Both fraud and tortious interference with contract are torts."); *Taylor v. United States*, 296 F. App'x 34, 35 (Fed. Cir. 2008) ("[T]he Court of Federal Claims does not have jurisdiction over tort claims, including claims based on theories of negligence or breach of duty."); *see also Doiban v. United States*, 173 Fed. Cl. 527, 541 (2024) (noting that this Court lacks jurisdiction over fraud "whether construed as criminal fraud or civil fraud"); 18 U.S.C. § 495 (criminal statute for forgery).

Though not formally asserted in his Amended Complaint, Plaintiff references alleged Due Process Clause violations by Judge Palermo.  *See* Am. Compl. ¶¶ 1, 9.  This Court however cannot hear claims arising under the Due Process Clause of the Fifth or Fourteenth Amendments.  *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act.").  Accordingly, to the extent that Plaintiff is asserting any Due Process Clause claims, those claims are dismissed for lack of jurisdiction.

scrutinize the actions of another federal court, which this Court cannot do. *Allustiarte v. United States*, 256 F.3d 1349, 1351–52 (Fed. Cir. 2001); *see Liu v. United States*, 171 Fed. Cl. 495, 506 (2024); *Taylor v. United States*, 168 Fed. Cl. 696, 704 (2023); *Hastings v. United States*, 165 Fed. Cl. 1, 6–7 (2023).

Rather, the proper forum for a judicial misconduct claim is in the United States Court of Appeals for the circuit where the complained-of judge sits. 28 U.S.C. § 351(a); *see also Smith v. United States*, No. 04-cv-1685C, 2005 WL 6114553, at *2 (Fed. Cl. May 31, 2005). The Court notes that Plaintiff has already unsuccessfully pursued a misconduct claim against Judge Palermo in the Fifth Circuit, where Judge Palermo sits. *See* Exhibits at 34–39, 204–23; *see also id.* at 208–12 (order dismissing judicial misconduct claim against Judge Palermo and noting that "[j]udicial misconduct proceedings are not a substitute for the normal appellate review process, nor may they be used to obtain reversal of a decision or a new trial").

### 2. Plaintiff's Fifth Amendment Takings Claim Against Judge Palermo Is Substantively a Claim for Detrimental Reliance.

Plaintiff seeks to recover $150,000 based on his alleged reliance on Judge Palermo's alleged settlement directive. Am. Compl. ¶¶ 5–6; *see also* Resp. at 2–3; Sur-Reply at 7. Plaintiff purports to bring this claim under the Takings Clause of the Fifth Amendment. Am. Compl. ¶¶ 4, 9, 16–17. It is well established, however, that a plaintiff may not invoke this Court's jurisdiction by "repackag[ing]" his claims that fall outside of this Court's jurisdiction as a Takings Clause violation. *Barksdale v. United States* (*Barksdale I*), 582 F. App'x 890, 892 (Fed. Cir. 2014) ("Despite the use of the word 'taking,' which could be money-mandating under the Fifth Amendment, these are claims under the First and Fourteenth Amendment, which the Claims Court properly ruled was outside its jurisdiction."); *Barksdale v. United States* (*Barksdale II*), No. 25-1386, 2025 WL 1214725, at *1 n.2 (Fed. Cir. Apr. 28, 2025) ("While [plaintiff] alleged that 'the

Defendant has taken plaintiff['s] Fifth [A]mendment rights,' the trial court was clearly correct that this refers to the Due Process Clause, not the Takings Clause."); *see also Pines Residential Treatment Ctr.*, 444 F.3d at 1380 ("Regardless of a party's characterization of its claim, 'we look to the true nature of the action in determining the existence or not of jurisdiction.'" (quoting *Katz*, 16 F.3d at 1207)).

Although the Takings Clause of the Fifth Amendment is a money-mandating source of law, this Court lacks jurisdiction over Plaintiff's such-titled claim here because, in substance, the true nature of the claim is one for determinantal reliance, which is based on an implied-in-law contract theory. *Jan's Helicopter Servs., Inc. v. F.A.A.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008) ("It is undisputed that the Takings Clause of the Fifth Amendment is a money-mandating source for purposes of Tucker Act jurisdiction."); *Hercules Inc. v. United States*, 516 U.S. 417, 424 (1996) ("We have repeatedly held that [Tucker Act] jurisdiction extends only to contracts either express or implied in fact, and not to claims on contracts implied in law."); *see also Katz*, 16 F.3d at 1207 ("Regardless of the characterization of the case ascribed by [the plaintiff], we look to the true nature of the action in determining the existence or not of jurisdiction."). As this Court has recognized, a claim for detrimental reliance "is essentially a claim based on promissory estoppel." *Jackson v. United States*, 162 Fed. Cl. 282, 293 (2022) (citing *Copar Pumice Co., Inc. v. United States*, 112 Fed. Cl. 515, 538 (2013)); *see also Piotrowski v. United States*, 722 F. App'x 982, 985 n.1 (Fed. Cir. 2018) (citing *Sinclair v. United States*, 56 Fed. Cl. 270, 281 (2003)) (noting that "it is well established that the Court of Federal Claims does not have jurisdiction over" promissory estoppel claims. "[P]romissory estoppel is essentially an equitable cause of action whereby one who reasonably relies on another's promise can subsequently require that person to make good on his promise." *Carter v. United States*, 98 Fed. Cl. 632, 638 (2011). Promissory estoppel "requires

the finding of a contract implied-in-law against the Government, for which there has been no waiver of sovereign immunity." *Jackson*, 162 Fed. Cl. at 294 (quoting *Sinclair*, 56 Fed. Cl. at 281). This Court "has no jurisdiction over an implied in law contract." *Atlas Corp. v. United States*, 895 F.2d 745, 755 (Fed. Cir. 1990); *see also Hercules Inc.*, 516 U.S. at 423 ("We have repeatedly held that [Tucker Act] jurisdiction extends only to contracts either express or implied in fact, and not to claims on contracts implied in law."). "[T]he defining feature of an implied-in-law contract is that it is *not* based on any meeting of the minds; rather, it is a 'fiction of law' that 'proceed[s] from a perception that a party ought to be bound rather than from a conclusion that a party has agreed to be bound.'" *Sanders v. United States*, 176 Fed. Cl. 163, 167 (2025) (quoting *Hercules Inc.*, 516 U.S. at 424).

The upshot of Plaintiff's claim, which he describes as a Fifth Amendment taking, is that Judge Palermo's alleged statement created an expectation upon which Plaintiff relied to his financial detriment. *See* Am. Compl. ¶¶ 5–9, 16–17. Plaintiff asserts that Judge Palermo's actions "caus[ed] Plaintiff to reasonably assume that a binding resolution had been reached," which constitutes "fraudulently induced reliance." *Id.* ¶ 6. Further, Plaintiff alleges that he suffered a financial harm when counsel for United reduced its settlement offer from $150,000 to $10,000 and "Judge Palermo refused to intervene, despite having created the expectation of an enforceable contract." [5] *Id.* ¶¶ 6, 9; *see also* Resp. at 2–3 (asserting "a judicially induced reliance interest based

---

[5] Plaintiff also describes Judge Palermo's conduct as a "breach" of the purported settlement directive and Plaintiff seeks damages "for contractual breach." Am. Compl. at 6, ¶ 6; *see also* Motion to Extend at 1 (asserting "breach of procedural contracts"). Plaintiff, however, fails to plausibly plead the existence of a contract with the United States, which is required to withstand a motion to dismiss under Rule 12(b)(1) or Rule 12(b)(6). *See Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1380–81 (Fed. Cir. 2019) (affirming 12(b)(6) dismissal where plaintiff failed to "allege facts establishing the existence of a contract with the government"); *Kelly v. United States*, No. 22-1209, 2022 WL 1020283, at *1 (Fed. Cir. Apr. 6, 2022) ("[Plaintiff] failed to allege facts supporting the existence of a contract with the United States. . . . Accordingly, [plaintiff] could

on Judge Palermo's" statements).  Plaintiff's pleadings reinforce that his claim is not for the taking

of an actual, agreed-upon contract or sum of money, but only for Plaintiff's purportedly "judicially

induced expectation."  Resp. at 2–3; *see also* Sur-Reply at 7 (noting that Plaintiff's claims are

premised on "a Fifth Amendment taking of judicially induced litigation asset (the $150,000

directive)").  These claims of reliance, however, are simply claims for promissory estoppel, which

is a claim brought under an implied-in-law contract—an equitable contract over which this Court

lacks jurisdiction.  *Carter*, 98 Fed. Cl. at 638 ("[P]romissory estoppel is essentially an equitable

cause of action whereby one who reasonably relies on another's promise can subsequently require

that person to make good on his promise."); *see also Hercules Inc.*, 516 U.S. at 424; *Piotrowski*,

722 F. App'x at 985 n.1.

Therefore, because Plaintiff's claim directly stems from Plaintiff's reliance on Judge

Palermo's alleged settlement directive that she purportedly failed to enforce, Palermo's claim is

more properly understood as a claim for detrimental reliance under an implied-in-law contract,

over which this Court lacks jurisdiction.  *Hercules Inc.*, 516 U.S. at 423; *see also Katz*, 16 F.3d at

1207 ("Regardless of the characterization of the case ascribed by [the plaintiff], we look to the true

---

not show that the Court of Federal Claims had jurisdiction over her claims, nor had she stated a
claim upon which relief could be granted.").  Settlement agreements with the United States are
enforceable contracts in this Court.  *Cunningham v. United States*, 748 F.3d 1172, 1176 (Fed. Cir.
2014) ("We have long held that disputes over settlement agreements are governed by contract
principles.").  This Court, however, only has jurisdiction over contracts "with the United States."
28 U.S.C. § 1491(a)(1).  Here, Plaintiff's District Court Action was brought against his former
employer, United, not against the United States.  Am. Compl. ¶¶ 5–13; Exhibits at 100.  Thus, any
settlement would be between Plaintiff and United and would not be actionable in this Court.  28
U.S.C. § 1491(a)(1).  Nor does Plaintiff allege that he actually settled his case with United.  *See
generally* Am. Compl.; *see also id.* ¶ 6 (noting that "Judge Palermo lack[ed] the authority to
unilaterally dictate settlement terms without an agreed-upon contract between [Plaintiff and
United]").

nature of the action in determining the existence or not of jurisdiction.").[6]  Accordingly, this Court

lacks jurisdiction over Plaintiff's detrimental reliance claims that he seeks to recast as a taking.

---

[6] Even if Plaintiff had substantively alleged a Fifth Amendment taking, this Court would lack jurisdiction to consider his claim.  To bring a taking claim under the Tucker Act, a "claimant must concede the validity of the government action which is the basis of the taking claim." *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802 (Fed. Cir. 1993).  Indeed, "absent this concession, . . . [plaintiff's] claim sounds only in tort." *Schroeder v. United States*, No. 20-1740, 2021 WL 2935070, at *2 (Fed. Cir. July 13, 2021).  Far from "conced[ing] the validity of the government action," Plaintiff repeatedly and expressly alleges that Judge Palermo's conduct constituted judicial misconduct.  *Tabb Lakes, Ltd.*, 10 F.3d at 802; *see, e.g.*, Am. Compl. ¶ 4 (alleging "[u]nconstitutional takings of legal entitlements through judicial misconduct"); *id.* ¶ 6 ("This breach constitutes a failure of the federal judiciary to uphold a contractually implied obligation . . . ."); *id.* (noting that "Judge Palermo lack[ed] the authority to unilaterally dictate settlement terms without an agreed-upon contract between [Plaintiff and United]").  Thus, because Plaintiff challenges the propriety of the alleged taking without conceding the validity of the Government's action, his "claim sounds only in tort," so this Court lacks jurisdiction to hear the claim.  *Schroeder*, 2021 WL 2935070, at *2.

Further, even if this Court could exercise jurisdiction over Plaintiff's claims, Plaintiff fails to state a claim upon which relief can be granted.  To establish a Fifth Amendment taking, a plaintiff must "identif[y] a cognizable Fifth Amendment property interest that is asserted to be the subject of the taking." *Casitas Mun. Water Dist. v. United States*, 708 F.3d 1340, 1348 (Fed. Cir. 2013).  Such "a property interest must be more than a 'mere unilateral expectation or an abstract need.'" *Am. Bankers Ass'n*, 932 F.3d at 1385 (quoting *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 161 (1980)); *see also The Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972) ("To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it.").  Here, Plaintiff's alleged property interest is "the judicially induced expectation of a $150,000 settlement directive."  Resp. at 2–3; *see also* Am. Compl. ¶ 6 (alleging that Judge Palermo created "the expectation of an enforceable agreement").  Plaintiff's property interest is the epitome of a "mere unilateral expectation," because Judge Palermo lacks the ability to order parties to enter a settlement agreement absent both parties' independent agreement.  *See Wang Lab'ys, Inc. v. Applied Comput. Scis., Inc.*, 958 F.2d 355, 359 (Fed. Cir. 1992) ("A district court does not have the power to impose a settlement agreement when there was never a meeting of the minds."); *see also Parker v. United States*, No. 21-cv-1551, 2022 WL 3079611, at *4 (Fed. Cl. Aug. 3, 2022) (dismissing claims seeking to enforce settlement agreement where "[p]laintiff ha[d] not identified a settlement agreement entitling him to payment based on a civil rights lawsuit in another jurisdiction").  Indeed, Plaintiff acknowledges Judge Palermo's limitations to impose a settlement on the parties, as he contends that Judge Palermo's alleged "settlement directive" was "improper" and constituted "contractual fraud" and "judicial misconduct with asserting that United agreed to the $150,000 settlement.  Am. Compl. ¶¶ 4, 5, 9, 15.  As discussed, this alleged settlement directive constituted neither a contract with the United States nor with United.  *See supra* note 5.  Thus, Plaintiff has no cognizable property interest and

### 3. The Court Lacks Jurisdiction Over Plaintiff's Illegal Exaction Claim Because Plaintiff Paid No Money to the Government.

Plaintiff contends that his alleged financial loss attributable to his reliance on Judge Palermo's purported settlement directive constitutes an illegal exaction by the United States Government. Am. Compl. ¶¶ 4–5, 14–15. This Court lacks jurisdiction over Plaintiff's illegal exaction claims because Plaintiff does not make a "non-frivolous allegation" that he is owed money that he had paid to the United States. *Boeing Co. v. United States*, 968 F.3d 1371, 1383 (Fed. Cir. 2020) (quoting *Virgin Islands Port Auth. v. United States*, 922 F.3d 1328, 1333 (Fed. Cir. 2019)); *see generally* Am. Compl.

An illegal exaction occurs "when the 'plaintiff has paid money over to the Government . . . and seeks return of all or part of that sum' that was 'improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation.'" *Boeing*, 968 F.3d at 1383 (quoting *Virgin Islands Port Auth.*, 922 F.3d at 1333); *see also Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1008 (Ct. Cl. 1967) (explaining that an illegal exaction occurs when "the Government has the citizen's money in its pocket" (quoting *Clapp v. United States*, 117 F. Supp. 576, 580 (Ct. Cl. 1954))). This Court lacks jurisdiction over an illegal exaction claim where a plaintiff's complaint fails to (i) indicate that plaintiff "paid money over to the government," or (ii) identify a statute that provides "a cause of action with a monetary remedy." *Bennett v. United States*, No. 24-1242, 2024 WL 4746570, at *4 (Fed. Cir. Nov. 12, 2024) (first quoting *Boeing*, 968 F.3d at 1383; and then quoting *Cyprus Amax Coal Co. v. United States*, 205 F.3d 1369, 1373 (Fed. Cir. 2000)).[7] Indeed, "to establish Tucker Act jurisdiction for an illegal exaction claim, a party

cannot establish a Fifth Amendment taking. *See Casitas Mun. Water Dist.*, 708 F.3d at 1348. Therefore, in the alternative, this Court dismisses Plaintiff's claim under Rule 12(b)(6).

[7] While the Court here dismisses Plaintiff's illegal exaction claim under Rules 12(b)(1) and 12(h)(3) for lack of jurisdiction, courts apply the same standard when evaluating an illegal exaction

that has paid money over to the government and seeks its return must make a non-frivolous allegation that the government, in obtaining the money, has violated the Constitution, a statute, or a regulation." *Boeing*, 968 F.3d at 1383.

Here, this Court lacks jurisdiction because Plaintiff's claims do not suggest that he paid any money to the Government. *Boeing*, 968 F.3d at 1383; *Bennett*, 2024 WL 4746570, at *4 ; *see generally* Am. Compl. Instead, Plaintiff asserts that an illegal exaction occurred because he never received money from a private party—United—due to alleged misconduct and because Judge Palermo failed to enforce a purported settlement directive. *Id.* at 1, ¶¶ 4–9, 14–15. Thus, this Court lacks jurisdiction because Plaintiff cannot "make a non-frivolous allegation" that the United States unlawfully withheld his money when he never "paid money over to the [G]overnment" in first place. *Boeing*, 968 F.3d at 1383.

Beyond this pleading deficiency, as with his Takings Clause allegations, Plaintiff attempts to impermissibly repackage claims that are not within this Court's jurisdiction as claims that are. *See Barksdale I*, 582 F. App'x at 892. Indeed, Plaintiff's illegal exaction claim, like Plaintiff's Takings Clause claims, rests on the assertion that he is entitled to a $150,000 settlement with United based upon asserted reliance damages and "expected compensation" from Judge Palermo's purported conduct. Am. Compl. ¶¶ 4–5, 14–15. But as discussed above, "the true nature" of Plaintiff's action is one for promissory estoppel or detrimental reliance, not an illegal exaction. *Pines Residential Treatment Ctr.*, 444 F.3d at 1380 (quoting *Katz*, 16 F.3d at 1207); *see supra* § I.A.2. Accordingly, the Court lacks jurisdiction over Plaintiff's alleged claims that are disguised as illegal exaction claims.

---

claim under a Rule 12(b)(6) motion. *See Gulley v. United States*, 150 Fed. Cl. 405, 420 (2020) (quoting *Piszel v. United States*, 121 Fed. Cl. 793, 801 (2015), *aff'd*, 833 F.3d 1366 (Fed. Cir. 2016))); *Piszel*, 833 F.3d at 1382 ("[T]here was no exaction here because there was no payment.").

**B.      This Court Lacks Jurisdiction Over Plaintiff's Claims Against the Marshals and Fifth Circuit.**

As with his claims against Judge Palermo, Plaintiff contends that the Marshals and Fifth Circuit engaged in misconduct that resulted in financial harm, constituting a taking under the Fifth Amendment and an illegal exaction.  Just as with Plaintiff's claims against Judge Palermo, this Court lacks jurisdiction over Plaintiff's claims against the Marshals and Fifth Circuit.

**1.      Plaintiff's Claims Against the Marshals Fall Outside This Court's Jurisdiction.**

Plaintiff alleges that the Marshals (i) "prevented Plaintiff from entering the courthouse," (ii) withheld surveillance footage and security reports which Plaintiff requested via FOIA, and (iii) labeled Plaintiff "a security threat without due process, resulting in further exclusion from court facilities."  Am. Compl. ¶¶ 10–11.  This Court lacks jurisdiction over each claim.

*First*, Plaintiff alleges that the Marshals prevented Plaintiff from entering the courthouse. *Id.* ¶ 10.  Plaintiff claims that this obstruction constitutes an illegal exaction and violation of the Takings Clause.  *Id.* ¶¶ 10–11, 5, 17.  For the same reason discussed above—that Plaintiff fails to allege the payment of money to the Government—this Court lacks jurisdiction over Plaintiff's illegal exaction claim against the Marshals.  *See supra* § I.A.3.  Further, Plaintiff's Takings Clause claim does not allege that an actual property interest was taken.  *See* Am. Compl. ¶¶ 10–11.  Rather, Plaintiff alleges misconduct by the Marshals that "contribut[ed] to Plaintiff's financial loss."  *Id.* ¶ 11 (claiming that the Marshals' obstruction "contribut[ed] to Plaintiff's financial loss"); *id.* ¶ 15 (alleging that financial harm from the Marshals' interference, which "obstructed Plaintiff's access to critical court proceedings").  However, "claim[s] against the Government for misfeasance and misconduct [are,] of course, outside the Claims Court's jurisdiction."  *Smithson v. United States*, 847 F.2d 791, 794 (Fed. Cir. 1988); *see also Flynn v. United States*, 65 Ct. Cl. 33, 34 (1928) (noting that "without its consent given in some act of Congress the Government is not liable to be sued for

the torts, misconduct, misfeasances or laches of its officers or employees"); *Aldridge v. United States*, 67 Fed. Cl. 113, 118 (2005) (noting that other judges of this Court had dismissed two cases claiming "improper denial of access" to a courthouse by the Marshals for lack of jurisdiction); *Cottrell v. United States*, 42 Fed. Cl. 144, 149 (1998) (citing *McCauley v. United States*, 38 Fed. Cl. 250, 265 (1997))) (noting that this "court does not have jurisdiction over claims that [United States] engaged in . . . wrongful conduct when discharging its official duties").    Rather, "the essence of [Plaintiff's] claim lies in tort."  *Cottrell*, 42 Fed. Cl. at 149; *Smithson*, 847 F.2d at 794. Indeed, in a separate action brought by Plaintiff, the Federal Circuit affirmed the dismissal of Plaintiff's similar claim "that the Social Security Administration's . . . classifying [of Plaintiff] as a 'security threat' amounted to an illegal exaction and taking of his property without just compensation in violation of the Fifth Amendment" for lack of jurisdiction.  *Parra v. United States*, No. 25-1527, 2025 WL 1427812, at *1 (Fed. Cir. May 19, 2025).

  *Second*, Plaintiff contends that the Marshals' purported failure to provide Plaintiff with access to court records and surveillance footage constitutes a violation of Plaintiff's FOIA rights. Am. Compl. at 1, ¶¶ 10, 17.  FOIA, however, is not a money-mandating source of law.  5 U.S.C. § 552; *Frazier v. United States*, 683 F. App'x 938, 940 (Fed. Cir. 2017) ("The [Court of Federal Claims] does not have jurisdiction over claimed violations of . . . FOIA because [it does] not contain money-mandating provisions.").[8]

---

[8] In addition to FOIA, Plaintiff references other statutes, including the Declaratory Judgment Act, 28 U.S.C. § 2201; the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412; the ADA, 42 U.S.C. § 12101; and the Federal Records Act, 44 U.S.C. § 3101.  *See* Am. Compl. at 1–2; Resp. at 2–3. Plaintiff argues that this Court has jurisdiction to hear claims under these statutes when, as here, "such violations lead to the deprivation of property or process under the Fifth Amendment or contractual reliance." Resp. at 4.  Here, Plaintiff contends that because violations of those statutes "impaired the integrity of the litigation process," and caused him financial harm, this Court has jurisdiction over his claims relating to those violations.  *Id.* (citing *A&D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1152 (Fed. Cir. 2014)).  *A&D Auto Sales* does not support jurisdiction here.

*Third*, Plaintiff contends that the Marshals violated his due process rights by labeling him a security threat.  Am. Compl. ¶ 10.  As explained above, this Court lacks jurisdiction over Plaintiff's asserted Due Process Clause claims.  *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *supra* note 4.

### 2.    Plaintiff's Claims Against the Fifth Circuit Fall Outside This Court's Jurisdiction.

Plaintiff next alleges that the Fifth Circuit "suppressed" Plaintiff's judicial misconduct complaints, tampered with case proceedings, and breached its duty to ensure impartial oversight.  Am. Compl. ¶¶ 12–13.  This misconduct, Plaintiff asserts, led to an illegal exaction.  *Id.* ¶ 15.  This Court lacks jurisdiction over all of these claims.  *First*, Plaintiff's claims for breach of duty suppression of evidence and tampering with case proceedings are allegations of criminal misconduct, which this Court lacks jurisdiction to hear.  *See Joshua*, 17 F.3d at 379; *see also* 18 U.S.C. § 1361 (destruction of Government property); 18 U.S.C. § 1519 (criminal statute for destruction of records in federal investigation); *see also* Am. Compl. at 2 (referencing mail fraud);

---

Indeed, *A&D Auto Sales* discusses whether Government action constitutes a regulatory taking of franchise agreements; it does not support Plaintiff's argument that violations of the above statutes, "when resulting in the effective loss of a legal claim or evidentiary asset, are redressable under the Takings Clause."  748 F.3d at 1152; Resp. at 4.  Rather, the relevant inquiry here is whether any of the statutes Plaintiff has identified is a money-mandating source of law.  *Me. Cmty. Health*, 590 U.S. at 322; *Fisher*, 402 F.3d at 1172.  They are not.  To begin, neither the EAJA nor the Federal Record Act are money-mandating.  *May v. United States*, 104 Fed. Cl. 278, 285 (2012) (explaining that the EAJA, which "entitle[s] a prevailing plaintiff to attorney fees . . . [is] not 'money mandating' for the purpose of establishing the court's subject matter jurisdiction." (footnote omitted)); *Murray v. United States*, No. 22-cv-205, 2022 WL 18176579, at *14 (Fed. Cl. Oct. 5, 2022), *appeal dismissed*, 2023 WL 2398746 (Fed. Cir. 2023) (concluding that the Federal Records Act is not money mandating).  Further, Congress vested state courts and district courts—not the Court of Federal Claims—with jurisdiction over ADA claims.  *McCauley*, 38 Fed. Cl. at 266, *aff'd*, 152 F.3d 948 (Fed. Cir. 1998) (table).  Finally, the Declaratory Judgment Act does not apply to this Court.  *Nat'l Air Cargo Grp., Inc. v. United States*, 117 Fed. Cl. 10, 21 (2014) (citing *Nat'l Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716–17 (Fed. Cir. 1998)) ("It is well settled that the Declaratory Judgment Act does not apply to the Court of Federal Claims.").  Thus, as none of these statutes are money mandating, none invoke this Court's jurisdiction.

18 U.S.C. § 1341 (criminal statute for mail fraud). *Second*, Plaintiff's claim of a breach of duty sounds in tort, claims over which this Court also lacks jurisdiction. 28 U.S.C. § 1491(a)(1); *Brown*, 105 F.3d at 623; *see also* Taylor, 296 F. App'x at 35 ("[T]he Court of Federal Claims does not have jurisdiction over tort claims, including claims based on theories of negligence or breach of duty."). *Third*, as Plaintiff fails to make any "non-frivolous allegation" that he paid any money to the Government, this Court lacks jurisdiction over Plaintiff's illegal exaction claims. *Boeing*, 968 F.3d at 1383; *supra* § I.A.3; *see Bennett*, 2024 WL 4746570, at *4 (quoting *Boeing*, 968 F.3d at 1383) (affirming dismissal of illegal exaction claim where "there [was] no indication that [plaintiffs] have 'paid money over to the government'").

## II.    Plaintiff Cites Fake Cases Due to Apparent Use of Artificial Intelligence.

Plaintiff's filings appear to have been drafted with the assistance of artificial intelligence (AI). For example, Plaintiff filed an extensive, typed Response to Defendant's Motion to Dismiss and a Sur-Reply to Defendant's Reply brief, each within hours of Defendant filing its briefs. *See* ECF Nos. 22, 24, 25, 28. Further, Plaintiff's exhibits include what appear to be questions from the AI program he used to generate many of the 400 pages of exhibits. *See* Exhibits at 146 ("Would you like a formal complaint draft or an appellate argument based on these findings?"); *id.* at 149 ("Would you like additional affidavits, supporting exhibits, or further refinements before submission?"). Finally, Plaintiff's pleadings reference two cases that do not exist: (i) "*Tucker v. United States*, 71 Fed. Cl. 321 (2006)," ECF No. 20-1 at 12; and (ii) "*In re Complaint of Judicial Misconduct*, 715 F.3d 1267 (9th Cir. 2013)," Exhibits at 283, 297, 310, 328. While Plaintiff's use of AI, by itself, does not violate this Court's Rules, Plaintiff's citation to fake cases does. *See Willis v. U.S. Bank Nat'l Ass'n*, --- F. Supp. 3d ----, 2025 WL 1408897, at *2 (N.D. Tex. May 15, 2025) (surveying positives and negatives of AI use in litigation throughout standing order regarding AI).

"It is no secret that generative AI programs are known to 'hallucinate' nonexistent cases." *Sanders*, 176 Fed. Cl. at 169 (citation omitted).  That appears to have happened here.  When searching the Federal Claims Reporter for "*Tucker v. United States*, 71 Fed. Cl. 326 (2006)," Plaintiff's citation brings the Court to the third page of *Grapevine Imports, Ltd. v. United States*, 71 Fed. Cl. 324, 326 (2006), a real tax case from this Court.  Similarly, the AI used by Plaintiff in *Sanders v. United States*, 176 Fed. Cl. 163, 169 (2025) also made up a citation to a case called *Tucker v. United States*.  Perhaps both AI programs hallucinated this case name based on the Tucker Act, this Court's jurisdictional statute.  Regardless, here, as in *Sanders*, the citation to a case called *Tucker v. United States* does not exist.  *Sanders*, 176 Fed. Cl. at 169.

Plaintiff's reference to "Tucker v. United States, 71 Fed. Cl. 326 (2006)," appears in an exhibit to Plaintiff's "Motion to Preserve Jurisdictional Integrity and Provide Notice of Coordinated Parallel Proceedings."  ECF No. 20-1 at 12, 16; ECF No. 20.  Plaintiff also filed this identical Motion his other cases in the United States District Court for the Southern District of New York and the United States District Court for the District of Columbia.  *Parra v. United States*, No. 25-cv-2624 (S.D.N.Y. 2025), ECF No. 11-1; *Parra v. Jud. Conf. of the U.S.*, No. 25-cv-1061 (D.D.C. 2025), ECF No. 9.  Accordingly, Plaintiff has now cited this fictional case in briefing submitted before three federal courts.[9]

The citation of fake, AI-created cases in briefing is "an 'abuse of the adversary system' and unacceptable." *Sanders*, 176 Fed. Cl. at 169 (quoting *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024)).  It violates Rule 11, which obligates any party appearing before this Court—including *pro*

---

[9] Plaintiff also references "*In re Complaint of Judicial Misconduct*, 715 F.3d 1267 (9th Cir. 2013)," in his Exhibits to his Amended Complaint.  Exhibits at 283, 297, 310, 328.  It appears that those citations were submitted to the Fifth Circuit in correspondence regarding Plaintiff's judicial misconduct claims and then reattached to Plaintiff's Amended Complaint in the Exhibits.

*se* litigants—to, at a minimum, "confirm the existence and validity of[] the legal authorities on which they rely." *Id.* (quoting *Park*, 91 F.4th at 615); Rule 11(b)(2) ("By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that . . . the claims, defenses, and other legal contentions are warranted by existing law . . . ."); *see also id.* ("While courts afford *pro se* litigants considerable leeway, that leeway does not relieve *pro se* litigants of their obligation under Rule 11 to confirm the validity of any cited legal authority."). Plaintiff has failed to meet the bare minimum required by Rule 11.  *See id.* ("Plaintiff's briefing— built on AI-generated cases that stand for legal propositions in direct contravention of actual case law—is the epitome of baseless.").

Other judges have imposed sanctions on *pro se* parties and attorneys including "fines, requiring payment of the opposing party's fees, striking filings, dismissal of the action, and initiating disciplinary actions."  *Id.* at 170.  In *Sanders*, this Court opted not to sanction Plaintiff because "given the relative novelty of AI, . . . Plaintiff may not have been aware of the risk that AI programs can generate fake case citations and other legal misstatements."  *Id.*  The Court found a warning to be appropriate where the Court was dismissing Plaintiff's case for lack of jurisdiction and Defendant did not request sanctions.  *Id.*  Here, too, a warning will suffice, as the Court lacks jurisdiction over Plaintiff's claims and Defendant has not requested sanctions.  Plaintiff, however, is now on notice of the risks associated with using AI.  Accordingly, Plaintiff is advised that he may be subject to sanctions, should he file additional pleadings in this or other courts referencing fictional AI-generated legal authority.

## III.    Plaintiff's Remaining Motions.

Beyond Defendant's Motion to Dismiss, Plaintiff has over ten motions pending.  For the reasons discussed below, the Court (i) denies Plaintiff's IFP Application, (ii) grants Plaintiff's

Motion for a Sur-Reply, (iii) denies Plaintiff's Motion for Pro Bono Counsel, and (iv) denies each of Plaintiff's other Motions as moot.

*First*, the Court denies Plaintiff's IFP Application (ECF No. 2).  Not only did Plaintiff submit a fake case citation in his briefing this case, but he cited the same fake case in filings submitted to multiple other federal courts.  *See supra* § II.  Further, Plaintiff's widespread, duplicative litigation and his inappropriate conduct before Judge Palermo in his District Court Action counsel against granting Plaintiff IFP status.  28 U.S.C. § 1915(a)(1) provides that courts "*may* authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees."  28 U.S.C. § 1915(a)(1) (emphasis added).  The text of Section 1915, which uses the permissive "may," "permits, but does not require, a court to allow a party to proceed without paying the requisite fees."  *Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016); *see also Bryant v. United States*, 618 F. App'x 683, 685 (Fed. Cir. 2015) ("Proceeding *in forma pauperis* . . . is a privilege, not a right." (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998))).  Thus, courts may grant or deny *in forma pauperis* status to litigants under Section 1915(a)(1).  *Straw v. United States*, No. 21-1600, 2021 WL 3440773, at *5 (Fed. Cir. Aug. 6, 2021) (citing *Martin v. D.C. Ct. of Appeals*, 506 U.S. 1, 3 (1992)) ("Courts have discretion to limit a party's permission to proceed *in forma pauperis* where they have exhibited a history of frivolous or abusive filings."); *see also Grant v. United States*, 129 Fed. Cl. 790, 793 (2017) ("Based on plaintiff's history of vexatious and duplicative litigation, the court finds that plaintiff is not entitled to a waiver of the filing fee."); *Miles v. United States*, No. 24-cv-1932, 2025 WL 28368, at *2 (Fed. Cl. Jan. 3, 2025) (denying IFP Application based on "history of frivolous and abusive filings in federal court").  Beyond this discretion, courts "ha[ve] a duty to deny *in forma pauperis* status to those individuals who have abused the system."  *In re Sindram*, 498 U.S. 177, 180 (1991).  This

is because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Accordingly, "[i]t is vital that the right to file *in forma pauperis* not be incumbered by those who would abuse the integrity of our process by frivolous filings." *Zatko v. California*, 502 U.S. 16, 18 (1991).

Plaintiff has embarked on a path of duplicative and frivolous litigation conduct.  Plaintiff submitted a fake case, also filed in other federal courts.  *See* ECF No. 20-1 at 12; *supra* § II. Additionally, the exhibits attached to Plaintiff's Amended Complaint illustrate inappropriate conduct in prior litigation.  *See, e.g.*, Exhibits at 94–95 (responding to court order with inappropriate email to Judge Palermo's case manager); *id.* at 100 (Order in District Court Action noting that Plaintiff was sending "inappropriate and unacceptable" communications, including obscene materials, to Judge Palermo's case manager); *id.* at 209 n.2 (Fifth Circuit Order dismissing judicial misconduct claim against Judge Palermo and noting that Plaintiff had emailed multiple inappropriate images of himself to Judge Palermo's case manager); *see also Ferrera-Parra*, 2021 WL 1795702, at *1 (describing contents of inappropriate messages from Plaintiff).

Beyond inappropriate conduct and a failure to comply with Rule 11, Plaintiff has filed a flurry of cases since his District Court Action was dismissed.  Indeed, on the same day that Plaintiff initiated this action, Plaintiff filed another complaint in this Court "asserting that the Social Security Administration's denial of benefits, withholding of funds, and classifying him as a 'security threat' amounted to an illegal exaction and taking of his property without just compensation in violation of the Fifth Amendment."  *See Parra*, 2025 WL 1427812, at *1.  That case was dismissed by another judge of this court and the Federal Circuit affirmed that dismissal. *Id.*  After filing two actions in this Court, Plaintiff filed three additional cases: one in the United

States District Court for the Southern District of New York and two in the United States District Court for the District of Columbia. *See generally* ECF No. 20; *see Parra v. United States*, No. 25-cv-2624 (S.D.N.Y. 2025); *Parra v. Jud. Conf. of the U.S.*, No. 25-cv-1061 (D.D.C. 2025); *Parra v. United States Jud. Conf.*, No. 25-1346 (D.D.C. 2025). In Plaintiff's case brought in the District of Columbia District Court, United States District Judge Tanya S. Chutkan dismissed Plaintiff's Complaint because it "chronicle[d] his countless objections in a rambling fashion" and totaled over 400 pages, violating Rule 8(a) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim." *Parra v. Jud. Conf. of the U.S.*, No. 25-cv-1061 (D.D.C. 2025), ECF No. 13 at 1–3 (citing Fed. R. Civ. P. 8(a)). Plaintiff's Amended Complaint, here, too contained over 400 pages of exhibits. Further, in this action, Plaintiff has filed over ten motions since filing his initial Complaint. *See supra* Procedural Background. In sum, Plaintiff's conduct illustrates a litigant who "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke*, 490 U.S. at 324. As noted, this Court "has a duty to deny *in forma pauperis* status to those individuals who have abused the system," like Plaintiff. *In re Sindram*, 498 U.S. at 180. Accordingly, the Court denies Plaintiff's IFP Application.

*Second*, the Court grants Plaintiff's Motion for Leave to File a Sur-Reply (ECF No. 28), as the Court considered Plaintiff's Sur-Reply in this Order. *Third*, the Court denies Plaintiff's Motion for Assignment of Pro Bono Counsel (ECF No. 4). Referral to the Court of Federal Claims pro bono referral program is not appropriate here, because it is evident that "[a]ssistance of counsel cannot remedy the jurisdictional deficiencies of the Complaint." *Ewers v. United States*, 168 Fed. Cl. 812, 818 (2024); *see also Jefferson v. United States*, No. 25-CV-302, 2025 WL 666186, at *1 n.2 (Fed. Cl. Feb. 28, 2025) (quoting *Pitts v. Shinseki*, 700 F.3d 1279, 1283 (Fed. Cir. 2012)) (describing extremely limited nature of right to counsel in civil proceedings where plaintiff seeks

only monetary damages). *Fourth*, the Court denies Plaintiff's remaining miscellaneous procedural Motions (ECF Nos. 3–8, 12, 15, 20) as moot because the Court lacks jurisdiction over this action.

<u>**CONCLUSION**</u>

Accordingly, Defendant's Motion to Dismiss (ECF No. 22) is **GRANTED** and Plaintiff's claims are **DISMISSED** pursuant to Rules 12(b)(1) and 12(h)(3), and, alternatively, under Rule 12(b)(6). The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

Further, Plaintiff's IFP Application (ECF No. 2) is **DENIED**. Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 28) is **GRANTED**. Plaintiff's Motion for a Protective Order (ECF No. 3), Motion for Assignment of Pro Bono Counsel (ECF No. 4), Motion for Production of Administrative Records (ECF No. 5), Motion to Invoke Doctrine of Completeness (ECF No. 6), Motion for Public Media Access to Court Proceedings (ECF No. 7), Request for Judicial Notice (ECF No. 8), Motion to Expand Jurisdiction as a Necessity (ECF No. 12), Motion for Procedural Clarification and Fair Treatment of Filings (ECF No. 15), and Motion to Preserve Jurisdictional Integrity and Provide Notice of Coordinated Parallel Proceedings (ECF No. 20) are **DENIED** as **MOOT**.

This Court certifies that under 28 U.S.C. § 1915(a)(3) that any appeal taken from this Order would not be in good faith, and therefore *in forma pauperis* status is denied for purposes of an appeal.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge